**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

**HD**

**CAULTON ALLEN,**
　　　Plaintiff,

v.

Rcv'd by: ___ *em* ___

Civil Action No. ┆TJS 25CV2489

**MARIO RUBIO, Acting Archivist**
**NATIONAL ARCHIVES AND RECORDS**
**ADMINISTRATION**
　　　Defendant.

USDC- GREENBELT
'25 JUL 29 PM4:00

## CIVIL COMPLAINT

NOW COMES pro se Plaintiff Caulton Allen bringing this action against Defendant National Archives and Records Administration ("NARA") and alleges as follows:

### PARTIES

**1.** Plaintiff Caulton Allen is an individual who resides in the jurisdiction of this Court and is a person with a disability eligible for Schedule A hiring and a 30% or more disabled veteran.

**2.** Defendant National Archives and Records Administration ("NARA") is a federal agency of the United States government located in College Park, Maryland, and is an employer within the meaning of federal anti-discrimination laws.

### JURISDICTION AND VENUE

**3.** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Rehabilitation Act and federal question jurisdiction) and 28 U.S.C. § 1346 (United States as defendant). The applicable law is the Rehabilitation Act and Title VII of the 1964 Civil Rights Act.

**4.** Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) as Defendant is an agency of the United States and a substantial part of the events giving rise to the claim occurred in this district.

**5.** Plaintiff has exhausted all administrative remedies required under applicable law, including filing complaints with the Equal Employment Opportunity Commission (Exhibit 1).

### STATEMENT OF MATERIAL FACTS

**6.** Between October 2019 and March 2020, Plaintiff applied for several Equal Employment Opportunity Specialist ("EEOS") positions and an Equal Employment Manager ("EEOM") position with NARA.

**7.** Plaintiff is a person with a disability eligible for Schedule A hiring and is a 30% or more disabled veteran, making him eligible for non-competitive appointment to federal positions.

1

**8.** Plaintiff submitted appropriate documentation of his disability status and veteran status in his application packages.

**9.** In January 2020, Plaintiff filed an informal EEO complaint against NARA, followed by a formal complaint in February 2020 (NARA Case No. 2020-08MD), alleging discrimination and retaliation related to his non-selection for the EEOS positions.

**10.** Plaintiff's prior EEO complaint identified NARA EEO Director Erica Pearson ("RMO Pearson") and Formal Complaints Manager Tammie Johnson ("RMO Johnson") as responsible management officials who discriminated against him.

**11.** NARA management was aware of Plaintiff's prior EEO activity, as RMO Pearson and RMO Johnson were interviewed and RMO Pearson was deposed during the EEOC hearing process (EEOC No. 531-2021-00154X).

**12.** Plaintiff contends that the investigation of his prior complaint was conducted in a biased manner, with material evidence concealed and relevant witnesses not interviewed.

**13.** The current complaint concerns three positions:

a) A GS-9 EEOS position originally advertised under vacancy no. 20-NARA-13 in October 2019, which was cancelled without selection and later readvertised;

b) A GS-11 EEOS position originally advertised under vacancy no. 20-NARA-29 in November 2019, which was cancelled without selection and later readvertised;

c) A GS-13 EEOS position advertised in January 2020, the disposition of which remains unknown despite Plaintiff's inquiries;

d) A GS-13 EEOM position advertised under vacancy no. 20-NARA-176 in March 2020, which was cancelled without selection and readvertised as a GS-14 position.

**14.** For the GS-9 and GS-11 positions originally advertised in October and November 2019, Plaintiff submitted complete application packages demonstrating his qualifications and eligibility for non-competitive appointment.

**15.** For the GS-13 EEOS position advertised in January 2020, Plaintiff contacted RMO Pearson, RMO Johnson, and HR Specialist Canavan on February 12, 2020, requesting consideration based on his Schedule A and disabled veteran status, but received no response.

**16.** On March 6, 2023, during the deposition of RMO Pearson in connection with Plaintiff's prior EEO complaint, Plaintiff learned that the positions he had previously applied for had been readvertised.

**17.** RMO Pearson testified that she and RMO Johnson were qualifying officials for the readvertised positions but failed to provide documentary evidence of the readvertisements.

**18.** Plaintiff was not notified of any readvertisements and was not given the opportunity to compete for the readvertised positions.

**19.** Despite Plaintiff's qualifications and eligibility for non-competitive appointment based on his disability status, NARA failed to properly evaluate his applications and blocked his ability to compete for the positions.

**20.** NARA's actions in cancelling positions without selection and readvertising them without notice to Plaintiff were designed to prevent him from competing based on his disability status and in retaliation for his prior EEO activity.

**21.** In the case of the GS-13 EEOM position, NARA upgraded it from GS-13 to GS-14 specifically to prevent Plaintiff from qualifying, knowing that his highest federal grade was GS-12.

**22.** NARA has concealed material evidence regarding the readvertised positions, including vacancy announcements and communications regarding the recruitment process.

## COUNT I
## DISCRIMINATION BASED ON DISABILITY

**23.** Plaintiff incorporates by reference all preceding paragraphs.

**24.** The Rehabilitation Act prohibits federal agencies from discriminating against qualified individuals with disabilities in employment.

**25.** Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act.

**26.** NARA discriminated against Plaintiff based on his disability by:

- Failing to properly consider his Schedule A eligibility for non-competitive appointment;
- Blocking his ability to compete for positions for which he was qualified;
- Cancelling positions and readvertising them to prevent his selection;
- Failing to respond to his inquiries regarding consideration for positions.

**27.** NARA's conduct was intentional and in violation of the Rehabilitation Act.

## COUNT II
## RETALIATION
### (Title VII and the Rehabilitation Act)

**28.** Plaintiff incorporates by reference all preceding paragraphs.

**29.** Plaintiff engaged in protected activity by filing EEO complaints against NARA.

**30.** NARA was aware of Plaintiff's protected EEO activity.

**31.** NARA retaliated against Plaintiff for his protected activity by:

- Failing to notify him of readvertised positions;

3

- Cancelling positions without selection after learning of his EEO complaints;

- Upgrading position grades to prevent his qualification;

- Concealing evidence regarding the hiring processes.

**32.** NARA's retaliatory conduct was intentional and in violation of federal anti-retaliation provisions.

## COUNT III
### VIOLATION OF FEDERAL HIRING PROCEDURES
**(Schedule A Hiring Authority and Disabled Veterans Preference)**

**33.** Plaintiff incorporates by reference all preceding paragraphs.

**34.** Federal regulations require agencies to properly consider Schedule A candidates and disabled veterans for non-competitive appointment.

**35.** NARA failed to follow required procedures for considering Plaintiff's Schedule A and disabled veteran status.

**36.** NARA's failure to follow federal hiring procedures was intentional and discriminatory.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

**A.** Enter judgment in favor of Plaintiff and against Defendant;

**B.** Award Plaintiff compensatory damages for economic losses, including lost wages and benefits;

**C.** Award Plaintiff punitive damages where permitted by law;

**D.** Grant appropriate injunctive relief, including orders requiring NARA to:

- Implement proper procedures for considering Schedule A and disabled veteran candidates;

- Provide training to EEO and HR personnel on disability hiring requirements;

- Consider Plaintiff for appropriate positions consistent with his qualifications;

**E.** Grant such other and further relief as this Court deems just and proper.

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

CAULTON ALLEN
P.O. Box 113
Temple Hills Maryland 20772

4