UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT
33 Whitehall Street, New York, NY 10004-2112

---

**In the matter of:**

**CAULTON ALLEN,**

                               **Complainant,**

    -v-

                                                 **June 22, 2023**

**NATIONAL ARCHIVES AND RECORD
ADMINISTRATION,**

                                 **Agency.**

---

EEOC Case No.   531-2021-00154X
Agency Case No.  2020-08MD

## DECISION & ORDER ENTERING JUDGMENT
## ON AGENCY'S MOTION FOR DECISION WITHOUT A HEARING

Complainant filed an EEO complaint alleging discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. §701, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 21-34. The record of investigation and submissions by the parties show that there are no genuine issues of material fact in dispute. Therefore, this case is ripe for summary judgment. For the reasons set forth below, the Agency's motion for summary judgment is GRANTED.

### I.      PROCEDURAL HISTORY AND SUBMISSIONS BY THE PARTIES

Complainant has satisfied the procedural prerequisites for the processing of the complaints by the EEOC, as set forth in 29 C.F.R. §1614.101, et seq., which govern the administrative processing of federal sector discrimination complaints. Complainant attempted to contact an EEO counselor, and then filed a formal complaint on February 14, 2020. ROI, pp. 21, 25.

The Agency filed a motion for summary judgment on April 28, 2023. Complainant opposed the motion on May 24, 2023, and the Agency submitted a reply on June 1, 2023.

## II.    CLAIMS AT ISSUE

Whether NARA violated the Rehabilitation Act of 1973, 29 USC 791-794(f), *as amended* and NARA violated the Age Discrimination in Employment Act of 1967 (ADEA), as amended 29 USC §633a, by subjecting Complainant to disparate treatment based on his disability (Schedule A) and age (>40) when it disqualified him from consideration and failed to select him for GS-9, GS-11, and GS-13 EEO Specialist positions. *October 18, 2022, Decision & Order on Complainant's Request for a Supplemental Investigation.*

## III.    UNDISPUTED FACTS[1]

1. Complainant applied for the EEO Specialist position, GS-9, advertised under Vacancy Announcement 20-NARA-13. ROI Tab F-9, p. 252.

2. Complainant was notified that he was found eligible for the position and was referred to the hiring manager. ROI, Tab F-9, p. 252.

3. Complainant was assigned a score of 94 for 20-NARA-13 based upon the application self-assessment. ROI, Tab F-11, p. 445.

4. Interviews were conducted for 20-NARA-13. Tab F-2, p. 124.

5. Interviews were conducted for applicants who scored 97 or above for 20-NARA-13. ROI, Tab F-2, p. 124, Tab F-3, 135.

6. Complainant was not interviewed for the EEO Specialist position advertised under 20-NARA-13. ROI, Tab F-2, p.124.

7. No candidates were selected for the position advertised in 20-NARA-13. ROI, Tab F-2, p. 124, Tab F-3, p. 134.

8. The vacancy was closed out with no selection after interviews. Discovery Responses p. 0000002. One candidate was contacted about the position, however, that candidate was no longer interested in the position at the GS-9 level. ROI Tab F03, p. 000138.

9. 20-NARA-13 was closed without a selection. Agency Discovery Responses 000002, 000254.

---

[1] The Agency's Undisputed Facts are adopted in total as they are consistent with record evidence, and Complainant's partial denials of some facts are based on argument which do not undermine the factual assertions at issue.

2

10. Complainant applied for the EEO Specialist position, GS-11, advertised under Vacancy Announcement Number 20-NARA-29, ROI, Tab F-9, p. 253.

11. Complainant was notified that he was found eligible for the position and was referred to the hiring manager. ROI, Tab F-9, p. 253.

12. Complainant was assigned a score of 91 for 20-NARA-29, based on the application self-assessment. ROI, Tab F-11, p. 000446.

13. Interviews were conducted for 20-NARA-29. ROI, Tab F-2, p. 124.

14. Interviews were conducted for candidates who scored 98 or above for 20-NARA-29. ROI Tab F-3, p. 135.

15. Complainant was not interviewed for the EEO Specialist position advertised under 20-NARA-29. ROI, Tab F-2, p. 124.

16. No candidates were selected for the position advertised under 20-NARA-29. ROI, Tab F-2, p. 127.

17. The hiring manager notified the staffing specialist that no candidates were selected because the candidates scored very low during the interviews and reference checks were not positive or provided little or no insight. Agency Discovery Responses 000002, 000254.

18. 20-NARA-29 was closed without a selection. Agency Discovery Responses 000002, 000254.

19. The Agency advertised a GS-13 EEO Manager position under 20-NARA-176. ROI, Tab F-7, p. 211.

20. Complainant did not submit an application for 20-NARA-176. ROI, Tab F-1, 000094.

21. Interviews were conducted among applicants for 20-NARA-176. ROI, Tab F-2, p. 000124.

22. No candidates were selected for the position advertised in 20-NARA-176. ROI, Tab F-2, 127.

23. 20-NARA-176 was closed without a selection. ROI, Tab F-2, p. 000127.

## IV.  LEGAL STANDARDS

### a.  Summary Judgment

The regulations governing federal sector EEO complaints, 29 C.F.R. §1614.109(g)(l) and (2), provide for the issuance of a decision without a hearing, also known as summary judgment.  The Commission's regulations on summary judgment are patterned after Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 provides that a party may seek judgment in its favor where there is no genuine dispute as to any material facts.  A material fact is in genuine dispute where the relevant evidence of record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

To defeat a motion for summary judgment, a party must do more than show that there is some metaphysical doubt as to the material facts.  *Id.*  The non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587.  When the record as a whole does not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  *Id.*

Where the offered evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.  Summary judgment is also appropriate where the opposing party fails to establish a genuine issue of fact on an element essential to that party's case and on which that party bears the burden of proof. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Any doubt as to whether a fact is material is resolved in favor of the non-moving party for purposes of summary judgment.

### b.  Disparate Treatment Standard

A claim of disparate treatment is analyzed under the three-party analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in which first, the burden is on the complainant to have *prima facie* showing of the basic elements present in virtually any discrimination case. For

a *prima facie* case of disparate treatment of an individual with a disability, complainant must establish: (1) they meet the definition of an individual with a disability and (2) they were subjected to an adverse personnel action under circumstances giving rise to an inference of disability discrimination. *Serna v. U.S. Postal Serv.*, EEOC DOC 0120053789, 2007 WL 1094270, at *2 (Mar. 27, 2007). Intent or motive is relevant and must be established by the complainant because disparate treatment claims are for intentional act(s) of employment discrimination. *See Oliver v. Pac. Nw. Bell Tel. Co., Inc.*, 724 P.2d 1003 (1986).

Once the complainant succeeds in establishing a *prima facie* case, the employer has the burden of producing evidence that it has a nondiscriminatory reason for its action, and the burden shifts back to the complainant to raise a triable issue of fact as to whether the stated reasons were pretextual. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).

## V.   ANALYSIS

Complainant alleges that he was not selected for three positions based on his age and disability status. The Agency asserts that the undisputed facts do not support the claims, and that it has legitimate, non-discriminatory reasons for the challenged actions.

For non-selection cases, a complainant "may establish a prima facie case by showing that (1) she was a member of a protected class, (2) she applied for and was otherwise qualified for the position(s) at issue, (3) despite her qualifications, she was rejected, and (4) the Agency either selected someone from outside of her group or continued to seek applicants from persons with the same qualifications. *McDonnell Douglas*, at 802." *Alvinia S. v. DeJoy*, EEOC Appeal No. 2020005215 (Jan. 18, 2022).

Here, candidates were selected for interviews for both the 20-NARA-13 and 20-NARA-29 positions based on scores calculated from self-assessments submitted by the applicants listed on the certificates of eligibles. Complainant's scores fell below the interview cut-offs set for the positions and thus he was not interviewed. Further, some candidates interviewed for the

positions were disabled and/or some over 40 years old.[2] Notably, the selection processes for 20-NARA-13 and 20-NARA-29 did not result in selections. Regarding the EEO Manager position, 20-NARA-176, Complainant never applied. Thus, assuming, *arguendo*, that Complainant can establish a *prima facie* case for the three claims,[3] the Agency has put forth legitimate, non-discriminatory reasons for the three non-selections at issue.

Complainant posits various pretext arguments aimed primarily the integrity of the selection processes used for the positions at issue.[4] First, Complainant argues that his assigned scores, which fell below the cut-off for interviews, are not valid or relevant.[5] Complainant does not agree with the scoring system and asserts that he was precluded from presenting his qualifications at interviews. There is no evidence that the scoring system was designed or applied to exclude Complainant from being selected. Further, the scores were essentially assigned automatically based on criteria preset by the hiring office and not the selection official or interview panelists. While the screening method may be simplistic, the Commission has recognized that an employer has the discretion to choose among equally qualified candidates, so long as the selection is not based on unlawful criteria. *Henderson v. USPS,* Appeal No. 0120071399, (July 11, 2008). Moreover, "the Commission will not second guess the agency's assessment of the candidate's qualifications…" *Id.* at p. 8.

Similar to the case at bar, in *Alton F. v. Brouillette,* EEOC Appeal No. 2019000655, (Aug. 19, 2020), the complainant scored below the cut off for consideration and the Commission found that complainant was not the best-qualified. ("Here, HRC indicated that she did not look at any applicants that scored below 84.48, and Complainant had received a score of 72.59 . . . Complainant was not ranked among the top candidates; and he presented no evidence of pretext.

---

[2] A selectee for the 20-NARA-13 position, Kim Marcell, submitted a Schedule A letter indicating that she was an individual with a disability. She ultimately did not accept the position.

[3] Whether Complainant can establish a *prima facie* case given that the positions at issue were not filled is doubtful given element four as the positions at issue were not filled.

[4] Complainant also asserts again that sanctions should issue against the Agency for various discovery deficiencies. However, these arguments were fully addressed in orders dated February 6, 2023, and March 31, 2023, both of which denied sanctions against the Agency.

[5] In *Alvinia S. v. DeJoy,* the Commission found no *prima facie* case when the complainant did not apply to the position at issue, stating, "Here, Complainant acknowledges on appeal that she did not apply for any of the positions at issue. Therefore, we agree that Complainant failed to establish a prima facie case of discrimination." *Alvinia S. v. DeJoy,* *7.

6

Therefore, it is immaterial for the Agency to make Complainant's requested determination because record evidence already shows that the three best qualified applicants had been considered for the position; and Complainant was not one of them."). Just as in *Alton F.*, Complainant here had scores that fell below the cut-offs, and therefore his application was not considered further. *See also King v. Dep't of Veterans Affairs*, EEOC Appeal No. 012022423, (Nov. 2, 2012) (Complainant was not ranked among the top candidates and presented no evidence of pretext). Thus, Complainant's quarrels regarding how the scores are calculated and applied fail to support his pretext argument.

Complainant also argues that the scores were not relevant because he should have been interviewed based as a non-competitive candidate with a Schedule A disability. However, the evidence shows that Complainant was considered as a non-competitive candidate and that such status does not automatically require that Complainant be interviewed.[6] Overall, Complainant's objections to the selection processes and concerns about the integrity of the them fall flat. That the processes used by the Agency were not explained with exactitude and seamless consistency by Agency witnesses is insufficient to establish pretext, particularly when the record contains no evidence giving rise to a reasonable inference that age or disability discrimination was at play. Ultimately, the Agency has broad discretion to set policies and carry out personnel decisions, and should not be second-guessed absent evidence of unlawful motivation. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248,259; *Vanek v. Department of the Treasury*, EEOC Request No. 05940906 (1997).

Finally, Complainant argues that he was the superior candidate for the positions at issue. In non-selection cases, pretext may be demonstrated upon a finding that a Complainant's qualifications are "plainly superior" to those of the selected applicant. See *Lankford v. Nuclear Regulatory Comm 'n*, EEOC Appeal No. 0120070929 (June 9, 2009) (complainant was highly qualified, but failed to show that his qualifications were plainly superior to those of the selectee). Similarly, in *Garcia v. Department of Homeland Security*, EEOC Appeal No. 01A32050 (Jan. 7, 2005), the

---

[6] The use of Schedule A by agencies is not mandatory. *See Complainant v. McDonald*, EEOC Appeal No. 0120131609, (Dec. 16, 2014). While the Agency could have used Schedule A authority for the vacancies in question, it was not under any obligation to do so,

7

Commission found that pretext was demonstrated by showing that a Complainant's qualifications were "demonstrably superior" to those of the selected applicant.

Here, the comparators were reasonably deemed more interview-worthy than the Complainant based on their self-assessment scores. Complainant has produced no evidence that her qualifications for positions were so plainly superior to those of the selectees as to warrant a finding of pretext. Complainant asserts that his years of experience deem him more qualified for the positions than the candidates selected for interviews. However, while Complainant may have greater years of experience, it is well established that more years of experience do not necessarily make an individual more qualified for a particular position. *McGettigan v. Department of the Treasury*, EEOC Appeal No. 01924372 (February 24, 1993); *Ford v. Department of Health and Human Services*, EEOC Appeal No.01913521 (December 19, 1991). Viewing the record as a whole, it cannot be said that the disparities between the comparators and Complainant's qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have selected the candidate over the [Complainant]." *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006).

Ultimately, Complainant's allegations of discrimination amount to mere assertions that do not constitute evidence of pretext. *See Billy L. v. Becerra*, EEOC Appeal No. 2022001207 (Dec. 20, 2022) ("Mere assertions or conjecture that an agency's explanation is a pretext for intentional discrimination is insufficient because subjective belief, however genuine, does not constitute evidence of pretext. *Juliet B. v. U.S. Postal Serv.,* EEOC Appeal No. 0120182519, (Oct. 8, 2019); *Richardson v. Dep't of Agriculture*, EEOC Petition No. 03A40016 (Dec. 11, 2003).").

Based on the foregoing, the claims must be dismissed.

## VI.    CONCLUSION

A review of the record reveals that there are no genuine issues of material facts in dispute and, for the reasons explained above, the Agency's motion is GRANTED. The hearing request is dismissed, and the case is returned to the Agency for the issuance of a Final Agency Decision.

8

It is So Ordered.

For the Commission:

Robert D. Rose
Administrative Judge
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112
929.506.5339
r.rose-efilebox@eeoc.gov

## <u>NOTICE TO THE PARTIES</u>

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. §§ 1614.109(b), 109(g) or 109(i). **With the exception detailed below, Complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying Complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision.

Complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. Complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of Complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit, and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403 and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has <u>not</u> issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, Complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. Complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission and should certify to the Commission the date and method by which such service was made on the Agency.

You may file an appeal with the Commission's Office of Federal Operations **when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision.** 29 C.F.R. § 1614.110(a). You will have **thirty (30) days** to file an appeal from the time you receive the agency's final order. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

**Do not send your appeal to the Administrative Judge**. Your appeal must be filed with the Office of Federal Operations at the address set forth below. If you do <u>not</u> use the EEOC Public Portal to file your appeal, you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations, and you must certify the date and method by which you sent a copy of your appeal to the agency.

## HOW TO FILE AN APPEAL

**RECOMMENDED METHOD** – The EEOC highly recommends that you file your appeal online using the EEOC Public Portal at https://publicportal.eeoc.gov/, and clicking on the "Filing with the EEOC" link. If you have not already registered in the Public Portal, you will be asked to register by entering your contact information and confirming your email address. Once you are registered you can request an appeal, upload relevant documents (e.g., a statement or brief in support of your appeal), and manage your personal and representative information. During the adjudication of your appeal, you can also use the Public Portal to view and download the appellate record. **If you use the Public Portal to file your appeal, you do not have to send a copy to the agency.** A complainant with an account with the EEOC's Public Portal may waive receipt of the appellate decision via U.S. mail and receive the decision via the EEOC Public Portal. Federal agencies will receive the appellate decision via the FedSEP digital platform.

BY MAIL – You may mail your written appeal to:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013-8960

BY HAND DELIVERY OR COURIER – You can also hand-deliver or send your appeal by courier service to:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M St., NE
> Washington, D.C. 20507

BY FAX – Finally, you may send it by facsimile to (202) 663-7022.

If you elect to mail, deliver, or fax your appeal you should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what you are appealing. Additionally, you must serve the agency with a copy of your appeal, and include a statement certifying the date and method by which service to the agency was made.

Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. *See* 29 C.F.R. § 1614.504. If Complainant believes that the Agency has failed to comply with the terms of its final action, Complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If Complainant is not satisfied with the Agency's attempt to resolve the matter, he or she may appeal to the Commission for a

11

determination of whether the Agency has complied with the terms of its final action. Complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after Complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing **Decision & Order Entering Judgment on Agency's Summary Judgment Motion** within five (5) calendar days after the date it was sent via first class mail or immediately upon e-mail delivery or confirmation of receipt by facsimile.  I certify that on June 22, 2023, this Order was sent to the following:

Complainant
*Caulton Allen*
Caulton.allen@comcast.net

Complainant's Representative
*Nathaniel Johnson*
ndjesquire@gmail.com

Agency Representative
*Jennifer Klein*
jennifer.klein@nara.gov

Final Agency Action Authority

Robert D. Rose
Administrative Judge
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112
929.506.5339
r.rose-efilebox@eeoc.gov