

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Caulton Allen a/k/a
Rusty C.,[1]
Complainant,

v.

Marco Rubio,
Acting Archivist of the United States,
National Archives and Records Administration,
Agency.

Appeal No. 2023004537

Hearing No. 531-2021-00154X

Agency No. 2020-08MD

DECISION

Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's final action concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.  For the following reasons, the Commission AFFIRMS the Agency's final action.

At the time of events giving rise to this complaint, Complainant was an applicant for multiple EEO Specialist positions at the Agency's Office of Equal Employment Opportunity (EEO) Programs in College Park, Maryland.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                          2023004537

On February 14, 2020, Complainant filed a formal complaint alleging that the Agency discriminated against him on the bases of disability (diabetes/depression/anxiety) and age (over 40) when, Complainant was disqualified from consideration and not selected for GS-9, GS-11, and GS-13 EEO Specialist/Manager positions.[2]

As the complaint involved the Agency's EEO office, the Agency assigned the matter to another agency for investigation. The investigation into the complaint revealed that in October 2019, Complainant applied for an EEO Specialist, GS-09, position advertised under Vacancy Announcement 20-NARA-13. As part of the hiring process, the candidates were required to complete a self-assessment. The system assigned each candidate a score based on preset criteria. Complainant received a score of 94 and was found eligible for the position and was referred to the hiring manager. As the Agency limited interviews to candidates who scored 97 or above, Complainant did not receive an interview for the position. Following the interviews, the Agency identified a potential selectee. However, that individual declined the job offer, as she did not wish to join at the GS-09 level. Ultimately, no candidates were selected for the position.

In November 2019, Complainant applied for an EEO Specialist, GS-11, position advertised under Vacancy Announcement 20-NARA-29. Complainant was notified that he was found eligible for the position and was referred to the hiring manager.  Complainant was assigned a score of 91 for the position based upon the application self-assessment.  Interviews were conducted for candidates who scored 98 or above for 20-NARA-29. Complainant did not receive an interview.  No candidates were selected for the position because all the interviewed candidates scored very low, and their reference checks were either not positive or provided very little insight. The Agency closed the announcement without a selection.

In March 2020, the Agency advertised an EEO Manager, GS-13, position under 20-NARA-176.

---

[2] Complainant subsequently amended his complaint to add several allegations of reprisal regarding improprieties in the processing of his complaint. At the hearing stage, the Agency moved to dismiss the amended claims as a spin-off complaint and ultimately succeeded in its motion. While Complainant attempts to revive his allegations regarding the processing of his complaint, we agree with the AJ's dismissal of the amended claims.

While Complainant conceded that he did not apply for the position, he argued that the Agency should have nevertheless considered him under Schedule A because he was qualified for the position and his application was already on file with the Agency. The position ultimately closed without a selection. Complainant averred that, based on his qualifications and experience, he should have been rated and ranked high enough to be selected for an interview and/or consideration for a direct hire under Schedule A or as a 30% or more disabled veteran for the positions at issue.

At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of him right to request a hearing before an Equal Employment Opportunity Commission Administrative Judge (AJ). The Agency subsequently filed a motion for a decision without a hearing, which Complainant opposed. The Agency then filed a reply.

Over Complainant's objections, the AJ accepted the Agency's Statement of Undisputed Facts, finding that it was consistent with the record evidence and Complainant's partial denials did not undermine the factual assertions at issue. The AJ found that the Agency articulated legitimate, nondiscriminatory reasons for the challenged actions. Specifically, Complainant's scores fell below the interview cut-offs and thus, Complainant did not receive an interview. Further, some of the candidates that did receive interviews were within Complainant's protected classes. As for the EEO Manager position, Complainant never applied.

Complainant argued that the Agency's explanations were pretextual and largely challenged the integrity of his assigned scores, but the AJ found that there was no evidence that the scoring system was designed or applied to exclude Complainant from being selected. The AJ found that the scores were essentially assigned automatically based on criteria preset by the hiring office and not the Selecting Official or the interview panelists. Complainant also argued that the scores were not relevant because he should have been interviewed as a non-competitive candidate with a Schedule A disability. The Agency noted, however, that Complainant was considered as a non-competitive candidate.

As for Complainant's claims that he was a superior candidate for the positions at issue, the AJ found that comparators were deemed more interview-worthy based on their self-assessment scores. The AJ further explained that the record did not indicate that disparities existed between the comparators and Complainants' qualifications that no reasonable person could have selected the comparators over Complainant.

When the Agency failed to issue a final order within 40 days of receipt of the AJ's decision, the AJ's decision became the Agency's final action pursuant to 29 C.F.R. § 1614.109(i). Complainant filed the instant appeal on August 7, 2023.

As this is an appeal from a decision issued without a hearing, the Agency's decision is subject to de novo review by the Commission. 29 C.F.R. § 1614.405(a). See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9, § VI.A. (Aug. 5, 2015) (explaining that the de novo standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law"); see also EEO MD-110, at Chap. 9, § VI.B. (Aug. 5, 2015) (providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo).

The Commission's regulations allow an AJ to grant summary judgment when they find that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). A fact is "material" if it has the potential to affect the outcome of the case. Id. When considering summary judgment, facts and inferences must be viewed in the light most favorable to the non-moving party. See Ricci v. DeStefano, 557 U.S. 557, 586 (2009).

To successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law. 29 C.F.R. § 1614.109(g)(2); Celotex, 477 U.S. at 322-24; see also EEO MD-110, at Chap. 7, § III.E. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the Agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable factfinder could not find in Complainant's favor.

On appeal, Complainant argues that the factual record remains incomplete due to the exclusion of scoring matrixes from the self-assessment, comparator evidence, and the vacancy announcement. Complainant also argues that the AJ erred in his factual findings, and the AJ erred in his application of the law. In addition, Complainant reiterates his belief that the scoring system was arbitrary. We disagree.

While Complainant argues that the factual record remains incomplete due to the absence of scoring matrixes from the self-assessment, we do not find this evidence to be relevant. As the AJ noted, the scores were essentially assigned automatically based on criteria preset by the hiring office. Moreover, the record shows that none of the Human Resources Specialists who processed Complainant's application knew Complainant or were aware of his protected classes. Therefore, we are disinclined to find the requested evidence to be probative. While Complainant also argues that the record lacks comparator evidence and the vacancy announcements at issue, we note that the record does in fact contain these documents beginning on page 207.

Furthermore, we find that Agency officials articulated legitimate, nondiscriminatory reasons for Complainant's non-selection in claims 1 and 2, namely that Complainant's low self-assessment scores precluded his advancement to the interview stage. While Complainant argues that the Agency set arbitrary cutoffs based on discriminatory animus, the record shows that at least three of the applicants that were interviewed were over age 40 and at least two of the applicants that were interviewed qualified as Schedule A. We ultimately find no evidence of pretext in claims 1 and 2.

As for claim 3, it is undisputed Complainant did not apply for the position at issue. Generally, a claim of discriminatory non-selection fails to state a claim when the complainant failed to apply for the position. See Owen v. Soc. Sec. Admin., EEOC Request No. 05950865 (Dec. 11, 1997). Where a complainant did not apply for a position, he is only aggrieved for such claims where he proves that the agency discouraged him from applying or that the application process was secretive. See Ozinga v. Dep't of Vet. Affs., EEOC Request No. 05910416 (May 13, 1991). As we find no persuasive evidence that the Agency discouraged him from applying or that the application process was secretive, we conclude that Complainant cannot prevail.

The Commission has held that agencies generally have broad discretion to set policies and carry out personnel decisions and should not be second-guessed by the reviewing authority absent evidence of unlawful motivation. Vanek v. Dep.t of the Treas., EEOC Request No. 05940906 (Jan. 16, 1997); Shapiro v. Soc. Sec. Admin., EEOC Request No. 05960403 (Dec. 6, 1996). Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final action.

### STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0425)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.  If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**.  A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition.  See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit their request for reconsideration, and any statement or brief in support of their request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx. Alternatively, Complainant can submit their request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507.

7                                2023004537

In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period.  See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP).  See 29 C.F.R. § 1614.403(g).  Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files their request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.  **Any supporting documentation must be submitted together with the request for reconsideration.**  The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances.  See 29 C.F.R. § 1614.604(f).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0124)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by their full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

8                                    2023004537

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


April 30, 2025
Date